IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ARTHUR L. GONZALES, JR.,

                Plaintiff,

vs.                                        Case No. 22-3019-SAC

ROBERT WRAY and MILLIE MURRAY,

                Defendants.

**O R D E R**

Plaintiff, pro se, has filed this action alleging violations of his constitutional rights in relation to his incarceration in the Kansas correctional system. Plaintiff has presented his complaint on forms for an action pursuant to 42 U.S.C. § 1983.[1]

I. Screening standards

Section 1915A of Title 28 requires the court to review cases filed by prisoners seeking redress from a governmental entity or employee to determine whether the complaint is frivolous, malicious or fails to state a claim upon which relief may be granted. Section 1915 directs the court to dismiss an in forma pauperis action if the court determines that the action fails to state a claim for relief. A court liberally construes a pro se complaint and applies "less stringent standards than formal

---

[1] Title 42 United States Code Section 1983 provides a cause of action against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . causes to be subjected, any citizen of the United States . . . to the deprivation of by rights, privileges, or immunities secured by the Constitution and laws [of the United States]."

1

pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). A pro se litigant, however, is not relieved from following the same rules of procedure as any other litigant. See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992). Conclusory allegations without supporting facts "are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

When deciding whether plaintiff's complaint "fails to state a claim upon which relief may be granted," the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The court accepts the plaintiff's well-pled factual allegations as true and views them in the light most favorable to the plaintiff.[2] United States v. Smith, 561 F.3d 1090, 1098 (10th Cir. 2009). The court, however, is not required to accept legal conclusions alleged in the complaint as true. Iqbal, 556 U.S. at 678. "Thus, mere 'labels and conclusions' and 'a formulaic recitation of the elements of a

---

[2] The court may also consider the exhibits attached to the complaint.

2

cause of action' will not suffice" to state a claim. Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting Twombly, 550 U.S. at 555).

II. The complaint

Plaintiff alleges in that August 2020, he put in a sick call at Larned Correctional Mental Health Facility.  He saw defendant Dr. Wray and reported that he had lost feeling in his legs and feet.  Dr. Wray told him that he had a swollen sciatic nerve and placed plaintiff on Prednisone.[3]  Two weeks later, plaintiff saw a different doctor who told him he had a pinched nerve and ordered an x-ray which was normal.  Following that visit, plaintiff saw Dr. Wray a second time.  Dr. Wray told plaintiff that he was suffering from COVID-19, placed plaintiff on pain medications, and encouraged vaccination.  The vaccinations did not help.  The pain medication helped temporarily, but then the pain worsened.  So, plaintiff saw Dr. Wray again.  This time, Dr. Wray increased the pain medication and referred plaintiff for physical therapy.

The physical therapy did not provide relief and the therapist suggested an MRI.  Dr. Wray was critical of this suggestion and asked plaintiff when he would be released from prison.  Plaintiff said he had one year left.  Dr. Wray put plaintiff on a 360-day medical lay-in and told plaintiff to see a doctor when he got out.

---

[3] The complaint says "Prodizone," but Prednisone would appear to be correct.

Six months later, plaintiff received an MRI. Dr. Wray "yelled" at plaintiff and told him that the KDOC did not want to spend money for an MRI so close to plaintiff's out date. Plaintiff reviewed the MRI results on May 21, 2021 during a zoom meeting with the Salina Regional Medical Center. A back expert there said that plaintiff had a spinal bulge and required a spinal fusion and an epidural shot.

Plaintiff then had his job taken away and he was transferred to Lansing Correctional Facility (LCF). When he arrived at LCF, defendant Millie Murray, an APRN, told plaintiff she was going to cancel all of his appointments and lowered his medical level so that he could not get a job. Plaintiff alleges that he went three months without a job and three months without back treatment. Then he was put to work in the kitchen, which caused him more pain.

On October 12, 2021, plaintiff was taken to KU Medical Center where a doctor told him he needed a shot and surgery. Plaintiff states that he is taking the maximum amount of pain medication allowed by KDOC but that he suffers constant pain with everyday tasks.

Plaintiff alleges that Dr. Wray misdiagnosed plaintiff and chose not to treat plaintiff because he was less than one year from release. Plaintiff further claims that defendant Murray revoked all medical recommendations given by the Salina Regional Hospital, the KU Medical Center staff and Dr. Wray without cause

4

or even seeing plaintiff.  He asserts that he experiences a loss of feeling in his back, right leg and both feet; stabbing pain, numbness and burning in the same areas; and emotional damage from being in constant pain when trying to do everyday activities such as walking, brushing teeth, and showering.

Plaintiff seeks compensatory and punitive damages as well as injunctive relief in the form of medical treatment.  The request for medical treatment is properly raised against the warden of plaintiff's place of incarceration.  If plaintiff wishes to pursue injunctive relief, then plaintiff should amend the complaint to add the warden or other KDOC officer with the authority to effectuate the relief as a defendant in his or her official capacity.  See Gonzalez v. Feinerman, 663 F.3d 311, 315 (7th Cir. 2011); Clark v. Raemisch, 2016 WL 8710707 *7 n.2 (D.Colo. 2/26/2016).

III. Screening

To prove a constitutional violation relating to inadequate medical care, an inmate plaintiff must allege facts showing deliberate indifference to serious medical needs.  Al-Turki v. Robinson, 762 F.3d 1188, 1192 (10th Cir. 2014).  A claim of deliberate indifference has both an objective and a subjective component.  Id.  A delay in care which leads to a period of untreated substantial pain satisfies the objective prong of the deliberate indifference test.  Id. at 1193. Upon review, plaintiff

has alleged facts plausibly showing an objectively serious medical condition.

The subjective prong examines whether the defendant's state of mind was such that the defendant knew of and disregarded an excessive risk to inmate health or safety. Id. at 1192. At the screening stage of this case, the court believes plaintiff has alleged sufficient facts to state a plausible claim that defendants Wray and Murray were aware of and disregarded plaintiff's substantial pain which medication was not alleviating, and that they also disregarded without exercise of fair judgment other professional assessments recommending an alternative course of action.

IV. Conclusion

This case shall proceed upon the complaint. The court directs that the Clerk issue waiver of summons to defendants Robert Wray and Millie Murray.[4]  The court further directs that the Clerk assign this case to a Magistrate Judge for the purposes of case management and determining nondispositive pretrial matters.

---

[4] Plaintiff has the primary responsibility to provide sufficient name and address information for the waiver of service forms or for the service of summons and complaint upon a defendant. See Nichols v. Schmidling, 2012 WL 10350 *1 (D. Kan. 1/3/2012); Leek v. Thomas, 2009 WL 2876352 *1 (D. Kan. 9/2/2009). So, plaintiff is warned that if waiver of service forms or summons cannot be served because of the lack of name and address information, and correct address information is not supplied to the Clerk of the Court, ultimately the unserved parties may be dismissed from this action. See FED.R.CIV.P. 4(m).

**IT IS SO ORDERED.**

Dated this 18th day of March 2022, at Topeka, Kansas.

                                        s/Sam A. Crow_____
                                        U.S. District Senior Judge