IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ARTHUR L. GONZALES, JR.,

            Plaintiff,

vs.                                        Case No. 22-3019-SAC-GEB

ROBERT WRAY, MILLIE MURRAY and
JAMES SKIDMORE,

            Defendants.

**O R D E R**

This case is before the court upon a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). Doc. No. 21. The motion is brought by defendants Robert Wray and Millie Tringale-Murray. This an action pursuant to 42 U.S.C. § 1983 arising from plaintiff's incarceration in the Kansas correctional system. Plaintiff alleges a denial of adequate medical care for a painful back condition. Defendant Wray is a doctor who has rendered care to plaintiff. Defendant Tringale-Murray is an APRN who is alleged to have been involved with plaintiff's medical care.

I. Rule 12(b)(6) standards

Under Rule 12(b)(6), the court accepts the complaint's well-pleaded factual allegations as true and construes them in the light most favorable to plaintiff to determine whether they plausibly suggest defendants Wray and Murray are liable. Waller v. City & Cty. of Denver, 932 F.3d 1277, 1282 (10th Cir. 2019). "A claim has

1

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

II. The amended complaint (Doc. No. 9)

Plaintiff alleges in that August 2020, he put in a sick call at Larned Correctional Mental Health Facility. He saw defendant Dr. Wray and reported that he had lost feeling in his legs and feet. Dr. Wray told him that he had a swollen sciatic nerve and placed plaintiff on Prednisone. Two weeks later, plaintiff saw a different doctor who told him he had a pinched nerve and ordered an x-ray which was normal. Following that visit, plaintiff saw Dr. Wray a second time. Dr. Wray told plaintiff that he was suffering from COVID-19, placed plaintiff on pain medications, and encouraged vaccination. The vaccinations did not help. The pain medication helped temporarily, but then the pain worsened. So, plaintiff saw Dr. Wray again. This time, Dr. Wray increased the pain medication and referred plaintiff for physical therapy.

The physical therapy did not provide relief and the therapist suggested an MRI. Dr. Wray was critical of this suggestion and asked plaintiff when he would be released from prison. Plaintiff said he had one year left. Dr. Wray put plaintiff on a 360-day medical lay-in and told plaintiff to see a doctor when he got out. Six months later, plaintiff received an MRI. Dr. Wray "yelled" at

plaintiff and told him that the KDOC did not want to spend money for an MRI so close to plaintiff's out date. Plaintiff reviewed the MRI results on May 21, 2021 during a zoom meeting with the Salina Regional Medical Center. A back expert there said that plaintiff had a spinal bulge and required a spinal fusion and an epidural shot.

Plaintiff then had his job taken away and he was transferred to Lansing Correctional Facility (LCF). When he arrived at LCF, defendant Millie Murray, an APRN, told plaintiff she was going to cancel all of his appointments and lowered his medical level so that he could not get a job. Plaintiff alleges that he went three months without a job and three months without back treatment. Then he was put to work in the kitchen, which caused him more pain.

On October 12, 2021, plaintiff was taken to KU Medical Center where a doctor told him he needed a shot and surgery. Plaintiff states that he is taking the maximum amount of pain medication allowed by KDOC but that he suffers constant pain with everyday tasks.

Plaintiff alleges that Dr. Wray misdiagnosed plaintiff and chose not to treat plaintiff because he was less than one year from release. Plaintiff further claims that defendant Murray revoked all medical recommendations given by the Salina Regional Hospital, the KU Medical Center staff and Dr. Wray without cause or even seeing plaintiff. He asserts that he experiences a loss

3

of feeling in his back, right leg and both feet; stabbing pain, numbness and burning in the same areas; and emotional damage from being in constant pain when trying to do everyday activities such as walking, brushing teeth, and showering.

III. Discussion

    A. Exhaustion

The motion to dismiss makes two arguments.  First, the motion argues that the case should be dismissed because plaintiff has not alleged exhaustion of administrative remedies.  More specifically, the motion asserts that the amended complaint does not allege: that plaintiff "has satisfied each step of the grievance process prior to bringing his claim."  Doc. No. 22, p. 5.  It further asserts that the amended complaint "does not describe which specific grievances, or associated paperwork, were submitted but not returned to him or the precise nature of the issues raised within them."  Id.  The motion cites the Prison Litigation Reform Act ("PLRA") which states that:  "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).

The court rejects the exhaustion argument at this stage of the proceedings because the motion asks the court to place a pleading burden upon plaintiff which is greater than required by

4

the law. The Tenth Circuit has stated that "[f]ailure to exhaust is an affirmative defense; a plaintiff is not required to plead or demonstrate exhaustion in the complaint." Gallagher v. Shelton, 587 F.3d 1063, 1067 (10th Cir. 2009)(citing Freeman v. Watkins, 479 F.3d 1257, 1260 (10th Cir. 2007)). "Whether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground, not on the nature of the ground in the abstract." Jones v. Bock, 549 U.S. 199, 215 (2007)(emphasis added). The motion to dismiss before the court relies upon allegations which are absent from the complaint, not on allegations in the complaint which the court may presume to be true. The motion states in conclusion that plaintiff "has failed to set forth evidence that he exhausted his administrative remedies." Doc. No. 22, p. 7. That is not plaintiff's burden at this stage of the proceedings. Jones, 549 U.S. at 216 ("inmates are not required to specially plea or demonstrate exhaustion in their complaints"). Therefore, the court rejects the exhaustion argument without prejudice to it being raised again at a later time.

B. Failure to state a claim

The motion to dismiss argues secondly that the amended complaint's allegations fail to allege facts which plausibly demonstrate that defendants Wray and Tringale-Murray were deliberately indifferent to plaintiff's medical condition.

5

According to the motion, the amended complaint states facts showing that plaintiff was prescribed pain medication and physical therapy, sent to two outside providers, and removed from work duty.

Both outside providers were back specialists who, according to the amended complaint, concluded that plaintiff needed a spinal fusion and a shot. The amended complaint states that plaintiff has not received this treatment and has suffered substantial continuing pain. The amended complaint further alleges that Dr. Wray denied or delayed plaintiff from having an MRI to save money.

A plaintiff may establish deliberate indifference by showing that a defendant knew plaintiff faced "a substantial risk of harm and disregarded that risk by failing to take reasonable measures to abate it." Oxendine v. Kaplan, 241 F.3d 1272, 1276 (10th Cir. 2001)(interior quotations omitted). Inaction in the face of knowledge of severe pain is evidence of deliberate indifference. See Mata v. Saiz, 427 F.3d 745, 758-59 (10th Cir. 2005)(severe chest pain); Sparks v. Rittenhouse, 164 Fed.Appx. 712, 718-19 (10th Cir. 2006)(shoulder pain). Whether a defendant had this knowledge "'is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.'" Oxendine, 241 F.3d at 1276 (citing Farmer v. Brennan, 511 U.S. 825, 842 (1994)).

In <u>Rutherford v. Medical Dept. of Dept. of Corrections</u>, 76 Fed.Appx. 893 (10th Cir. 2003), the court considered an appeal from a grant of summary judgment in favor of a prison doctor. The doctor had treated the plaintiff inmate for back pain, ordered x-rays and a muscle relaxant, imposed work restrictions, ordered electromyography, and authorized a neurosurgeon consultation. Three months passed before the consultation, then four months passed before an MRI ordered by the consultant, then seven months before a followup appointment with the consultant, then five months before surgery was performed. The court reversed the grant of summary judgment and held that there was a material issue of fact as to whether plaintiff was forced by the defendant doctor to suffer needlessly because of the failure to timely obtain surgical treatment. <u>Id.</u> at 897-99.

In <u>Halpin v. Simmons</u>, 33 Fed.Appx. 961 (10th Cir. 2002), the Tenth Circuit reversed the grant of a motion to dismiss for failure to state a claim. The plaintiff inmate had requested to see a cardiologist for severe chest pains. It took a year and a half to process the request. After the plaintiff saw the cardiologist, the prison doctors allegedly refused to follow the cardiologist's recommendations and would not allow the plaintiff to see the cardiologist again. The Tenth Circuit held that these allegations were sufficient to state a claim for relief. <u>Id.</u> at 964-65.

These cases persuade the court that plaintiff's allegations are sufficient to state a claim.  See also Medrano v. Smith, 161 Fed.Appx. 596, 597-99 (7th Cir. 2006).

IV. Conclusion

For the above-stated reasons, the motion to dismiss of defendants Wray and Tringale-Murray (Doc. No. 21) is denied.

**IT IS SO ORDERED.**

Dated this 18th day of July 2022, at Topeka, Kansas.

s/Sam A. Crow_____
U.S. District Senior Judge