IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ARTHUR L. GONZALES, JR., <br><br> Plaintiff, <br> v. <br><br> ROBERT WRAY, et al, <br><br> Defendants, | Case number: 22-3019-SAC-GEB |

**DEFENDANT JAMES SKIDMORE'S ANSWER
AND JURY DEMAND TO PLAINTIFF'S AMENDED COMPLAINT FOR VIOLATION
OF CIVIL RIGHTS (DOC. 9)**

COMES NOW Defendant James Skidmore ("Defendant") by and through counsel Whitney L. Casement of Stevens & Brand, L.L.P., and hereby submits his Answer and Jury Demand to Plaintiff's Amended Complaint for Violation of Civil Rights (Doc. 9):

### I.      The Parties to This Complaint

1. In response to paragraph I(A), Defendant admits that Plaintiff is incarcerated by the Kansas Department of Corrections at the Lansing Correctional Facility in Lansing, Kansas.

2. In response to paragraph I(B), Defendant admits that defendant Wray is a physician and that defendant Tringale-Murray is a nurse practitioner. In addition, Defendant admits that he is employed at Lansing Correctional Facility. The remaining allegations contained in paragraph I(B) are denied.

### II.     Basis for Jurisdiction

3. Paragraph II(A) contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the same.

4. Paragraph II(B) contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the same. Paragraph II(C) contains no allegations.

5. Paragraph II(D) contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the same.

### III.     Prisoner Status

6. Defendant admits that Plaintiff is incarcerated by the Kansas Department of Corrections.

### IV.     Statement of Claim

7. Paragraph IV(A) contains no allegations.

8. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph IV(B) and, therefore, the same are denied.

9. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph IV(C) and, therefore, the same are denied.

10. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph IV(D) and, therefore, the same are denied.

### V.     Injuries

11. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph V and, therefore, the same are denied.

### VI.     Relief

12. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph VI and, therefore, the same are denied.

### VII.  Exhaustion of Administrative Remedies Administrative Procedures

13. With regard to the allegations in VII(A), Plaintiff was incarcerated at Lansing Correctional Facility from August 20 to 27, 2020 and July 6, 2021 to the date of the filing of this Answer. He was incarcerated at Larned Correctional Mental Health Facility from March 21, 2019 to August 20, 2020 and August 27, 2020 to July 6, 2021. Defendant lacks knowledge or information sufficient to form a belief about where Plaintiff was confined at the time of the events giving rise to his claims and, therefore, the same is denied.

14. Defendant admits the allegations in Paragraph VII(B).

15. Defendant admits the allegations in Paragraph VII(C).

16. With regard to the allegations contained in paragraph VII(D) and (E), Plaintiff filed the attached form 9s and grievance and appealed the grievance denial to the Principal Administrator or Warden. However, he did not appeal the Principal Administrator or Warden's denial to the Secretary of Corrections. (Form 9s, Grievance, Appeals, and Responses attached hereto as Exhibit A). The remaining allegations in paragraphs VII(D) and (E), including the subparagraphs, are denied.

17. Paragraph VII(F) contains no allegations.

18. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph VII(G) and, therefore, the same are denied.

### VIII.  Previous Lawsuits

19. The allegations contained in the introductory paragraph of section VIII contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the same.

20. The allegations contained in paragraph VIII(A) contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the same.

21. Paragraph VIII(B) and its subparagraphs contain no allegations.

22. The allegations contained in paragraph VIII(C) contain legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the same.

23. Paragraph VIII(D) and its subparagraphs contain no allegations.

### IX.    Certification and Closing

24. Paragraphs IX(A) and (B) either contain legal conclusions or contain no factual allegations to which a response is required.

### JURY DEMAND

Defendant James Skidmore demands a trial by jury on all issues herein.

### AFFIRMATIVE DEFENSES

1. Any and all allegations not specifically admitted above are denied in their entirety.

2. Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted against Defendant.

3. Plaintiff failed to exhaust administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. §1997e(a).

4. Defendant does not have the authority to order the injunctive relief requested by Plaintiff.

5. Plaintiff is not entitled to any relief under 42 U.S.C. § 1983.

6. Plaintiff has not been denied any rights protected by the United States Constitution or any portion of the United States Code.

7. Defendant denies that Plaintiff has suffered any cognizable injuries or damages as a result of any acts or omissions on the part of Defendant.

8. This Court lacks subject matter jurisdiction as, even if Plaintiff's allegations were able to be proven, the allegations against Defendant would amount to mere negligence at best, which

is not recognized as a deprivation of the Plaintiff's constitutional rights.

9. Plaintiff's allegations regarding his medical treatment do not constitute deliberate indifference.

10. The Prison Litigation Reform Act amendment to 42 U.S.C. § 1997e(c) mandates the dismissal of Plaintiff's claims herein as this action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks money damages from a defendant which is entitled to immunity.

11. Defendant reserves the right to plead any additional affirmative defenses as they become known or available.

**WHEREFORE,** having fully answered, Defendant James Skidmore pray that Plaintiff takes naught by his Amended Complaint for Violation of Civil Rights and that they be discharged with costs and attorneys' fees expended in the defense of this action.

Respectfully submitted,

STEVENS & BRAND, L.L.P.

By: */s/ Whitney L. Casement*
Whitney L. Casement, #25466
4848 SW 21st St Ste. 201
Topeka, KS 66604
(785) 437-2288 – Phone
(785) 408-8003 – Fax
WCasement@StevensBrand.com
*Counsel for Defendants*

10

**CERTIFICATE OF SERVICE**

       I hereby certify that on the 5th day of August, 2022, a true and correct copy of the foregoing *Defendant James Skidmore's Answer and Jury Demand* was electronically filed with the Clerk of the Court via the CM/ECF e-filing system, which will send notice of filing to all participants receiving notices, and was sent by U.S. Mail, postage prepaid, upon the following:

    Arthur L. Gonzales, Jr.
    110872
    LANSING Correctional Facility
    PO Box 2
    Lansing, KS 66043-0002

                            */s/ Whitney L. Casement*
                            Whitney L. Casement