IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ARTHUR L. GONZALES, JR., <br><br> Plaintiff, <br> v. <br><br> ROBERT WRAY, et al, <br><br> Defendants, | Case number: 22-3019-SAC-GEB |

### DEFENDANT JAMES SKIDMORE'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Defendant James Skidmore ("Skidmore"), by and through counsel Whitney L. Casement of Stevens & Brand, L.L.P., hereby submits this Memorandum in Support of Motion for Summary Judgment, pursuant to Fed. R. Civ. P. 56 and D. Kan. Rule 7.1.

Because Plaintiff Gonzales is an inmate at a Kansas Department of Corrections ("KDOC") correctional institution and has failed to timely exhaust administrative remedies as required by law, this Court should grant summary judgment to Defendant.

### NATURE OF THE CASE AND MATTER BEFORE THE COURT

At all times relevant to this action, Plaintiff Arthur Gonzales ("Gonzales") was an inmate in the custody of KDOC. He alleges he contracted Covid-19 while residing at Larned Mental Health Correctional Facility and that, after he was transferred to Lansing Correctional Facility ("LCF"), he was denied medical treatment for issues with his back, right leg, and feet that he believes were caused by Covid-19. He alleges no specific involvement by Defendant Skidmore, but says he named Skidmore in his capacity as Warden at LCF in order to obtain injunctive relief. (Doc. 9, Amended Compl. at 5). He alleges Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment. (Doc. 9, Amended Compl. at 3).

1

## CONCISE STATEMENT OF MATERIAL FACTS

## AS TO WHICH NO GENUINE ISSUE EXISTS REGARDING EXHAUSTION

For purposes of the claims against Skidmore and this motion only, the following facts may be considered uncontroverted:

1. At all relevant times, Gonzales was an inmate housed at LCF or Larned Mental Health Correctional Facility. (Doc. 9, Amended Compl. at 5).

2. At all relevant times, Skidmore was the acting Warden or Deputy Warden at LCF. (Id.).

3. On July 8, 2020, Gonzales had Covid-19. (Id. at 7).

4. Thereafter, he alleges that Covid-19 caused him to have issues with his back, right leg, and feet, including numbness, burning, tingling, and loss of feeling. (Id.).

5. He was then transferred to LCF in August 2020. (Id.).

6. Dr. Wray prescribed him pain medication, and he attended physical therapy, but the issues persisted. (Id.).

7. After obtaining an MRI, he saw a medical provider at Salina Regional Medical Center on May 21, 2021. The medical provider told Gonzales he needed a spinal fusion and an epidural shot in his spine. (Id. at 8).

8. He was then taken off his job at the prison in order to prevent further damage to his back. (Id.).

9. He was never provided the surgery or epidural shot recommended by the Salina Regional Medical Center medical provider. (Id.).

10. On October 12, 2021, a doctor at KU Medical told Gonzales he needed a shot and surgery. (Id.).

11.     As of the filing of his Amended Complaint, Gonzales continued taking pain medication for his issues. (Id. at 8).

12.     On or about January 21, 2021, Gonzales submitted grievance number IA-003048 complaining of issues with his feet and legs and asking for an MRI to find the cause of his pain. (Ex. A, Holthaus Aff. Attachment 1 at KDOC 000003-4).

13.     On February 3, 2021, he received a response to his grievance from unit team staff, but was not satisfied with the response and appealed to the Warden. (Id. at).

14.     On February 9, 2021, Gonzales received a response to his grievance from the Warden, which stated "No further action is needed." (Id.).

15.     Gonzales did not appeal the Warden's response to the Secretary of Corrections. (Id.).

16.     Grievance number IA-003048 is the only grievance Gonzales submitted related to the issues he had with his back, leg, and feet after he contracted Covid-19 in 2020. (Ex. A, Holthaus Aff. at ¶ 4).

17.     Gonzales did not submit a personal injury claim regarding the issues contained in grievance number IA-003048. (Id.).

## ARGUMENTS AND AUTHORITIES

**I.      Summary Judgment Standard**

Summary judgment is appropriate if the pleadings and other materials before the Court show no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A factual dispute is "material" only if it "might affect the outcome of the suit under the governing law." *Ellison v. Eng.*, No. 18-3070-SAC, 2019 WL 3716448, at *2 (D. Kan. Aug. 7, 2019), motion for relief from judgment denied, No. 18-3070-SAC, 2020 WL 1984255 (D. Kan. Apr. 27, 2020) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve

the issue either way." *Robertson v. Lee*, No. 18-3014-SAC, 2019 WL 2924996, at *3 (D. Kan. July 8, 2019) (quoting *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998)).

"At summary judgment stage, a plaintiff (even proceeding pro se) cannot simply rest on conclusory allegations but must instead provide the Court with specific facts with supporting evidence." *Miles v. Conrad*, No. 16-3152-EFM, 2019 WL 2208115, at *4 n.20 (D. Kan. May 22, 2019), aff'd, 805 F. App'x 607 (10th Cir. 2020).

> A party moving for summary judgment has the burden of showing that the undisputed material facts entitle it to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the moving party carries the initial burden, the opposing party must "go beyond the pleadings and designate specific facts" that would be admissible at trial "so as to make a showing sufficient to establish the existence of an element essential to that party's case in order to survive summary judgment." *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006).
>
> The court then must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby*, 477 U.S. 242, 251-52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

*Robertson v. Lee*, No. 18-3014-SAC, 2019 WL 2924996, at *3 (D. Kan. July 8, 2019). "In applying this standard, courts must view the evidence and all reasonable inferences therefrom in the light most favorable to the nonmovant." *Thompson v. Orunsolu*, No. 517-3203-HLT-KGG, 2018 WL 6697725, at *4 (D. Kan. Dec. 20, 2018), aff'd, 798 F. App'x 288 (10th Cir. 2020). "On summary judgment, a *Martinez* report is treated like an affidavit, and the court is not authorized to accept its fact findings if the prisoner has presented conflicting evidence." *Breedlove v. Costner*, 405 F. App'x 338, 343 (10th Cir. 2010) (quoting *Northington v. Jackson*, 973 F.2d 1518, 1521 (10th Cir. 1992)).

## II.   Plaintiff's Eighth Amendment claim against Defendant Skidmore should be dismissed for failure to exhaust administrative remedies.

The PLRA requires an inmate to exhaust all available administrative remedies before bringing a § 1983 action about prison conditions or occurrences. 42 U.S.C. § 1997e(a); *Porter v.*

*Nussle*, 534 U.S. 516, 520 (2002). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock,* 549 U.S. 199, 211 (2007). "The only limit to § 1997e(a)'s mandate is the one baked into its text: An inmate need exhaust only such administrative remedies as are 'available.'" *Ross v. Blake*, 578 U.S. 632, 648 (2016).

"Beyond doubt, Congress enacted [the PLRA exhaustion requirement] to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Porter*, 534 U.S. at 524-25 (2002). "In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation." *Id.* at 525 (citing *Booth v. Churner*, 532 U.S. 731, 737 (2001)). "In other instances, the internal review might 'filter out some frivolous claims." *Id.* "And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy." *Id.* The PLRA's exhaustion requirement is mandatory and does not allow for judicial discretion, "even to take [special circumstances] into account. *Ross*, 578 U.S. at 639.

"[T]he PLRA exhaustion requirement requires proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). "An inmate properly exhausts a claim by utilizing each step the prison holds out for resolving the claim internally and by abiding 'with an agency's deadlines and other critical procedural rules.'" *Gray v. Sorrels*, No. 19-7060, 2020 WL 3120997, at *1 (10th Cir. June 12, 2020) (quoting *Woodford*, 548 U.S. at 93). "In other words, a prisoner must comply with procedural 'rules that are defined not by the PLRA, but by the prison grievance process itself.'" *Williams v. Hill*, 422 F. App'x 682, 684 (10th Cir. 2011) (quoting *Jones,* 549 U.S. at 218).

The KDOC Grievance Procedure for Inmates set forth in Article 15 of Chapter 44 of the Kansas Administrative Regulations applies "to a broad range of matters that directly affect the

5

inmate, including . . . actions by employees . . . and incidents occurring within the facility." K.A.R. 44-15-101a(d). "This regulation applies to a constitutional claim such as the § 1983 claims asserted here, where the conduct complained of stems from 'actions by employees' of the prison facility." *Vann v. Ash*, No. 15-3192-SAC-DJW, 2016 WL 6680997, at *2 (D. Kan. Nov. 14, 2016) (citing K.A.R. § 44–15–101a(d)(1)(B); *Lewis v. Carrell*, No. 12-CV-3112-DDC-JPO, 2014 WL 4450147, at *5 (D. Kan. Sept. 10, 2014), *reconsideration denied*, No. 12-CV-3112-DDC-JPO, 2015 WL 413640 (D. Kan. Jan. 30, 2015)).

An inmate must take four steps to complete the grievance process: (1) attempt an informal resolution with unit team members; (2) submit a grievance to an appropriate unit team member; (3) submit a grievance to the warden of the facility; and (4) appeal to the secretary of corrections. *See* K.A.R. 44-15-101(b) and (d), -102(a), (b), and (c).

Courts in this district have found that a defendant satisfies the initial burden to show that a plaintiff failed to exhaust administrative remedies where the defendant provides a KDOC records custodian affidavit that explains that they reviewed the grievance records and found evidence that a plaintiff availed himself of the grievance process but did not complete it. *See Lewis v. Carrell*, No. 12-3112-DDC-JPO, 2014 WL 4450147, at *10 (D. Kan. Sept. 10, 2014) (citing *Sharrock v. Stephens*, No. 10-3210-CM-SAC, 2011 WL 5526444, at * 1 (D. Kan. Nov. 14, 2011) (explaining that where a defendant identified the applicable grievance procedure and attached affidavits from the records custodian stating that the plaintiff did not complete the grievance procedure, defendant satisfied the initial burden to show that administrative remedies were available and plaintiff failed to exhaust them).

Gonzales did file a grievance related to the issues he had with his back, leg, and feet after contracting Covid-19 in 2020. SOF 12. However, he failed to complete the process of exhausting administrative remedies, because he did not appeal the Warden's response to his grievance to the

6

Secretary of Corrections. SOF 13-16. Therefore, he availed himself of the grievance procedure, but failed to complete the process. Therefore, the PRLA bars his current claim.

## CONCLUSION

Because Plaintiff did not appeal his grievance related to the issues in this lawsuit to the Secretary of Corrections, he failed to exhaust administrative remedies and this Court should grant summary judgment to Defendant Skidmore.

Respectfully submitted,

STEVENS & BRAND, L.L.P.

By: */s/ Whitney L. Casement*
Whitney L. Casement, #25466
4848 SW 21st St Ste. 201
Topeka, KS 66604
(785) 437-2288 – Phone
(785) 408-8003 – Fax
WCasement@StevensBrand.com
*Counsel for Defendant Skidmore*

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 22nd day of September, 2022, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court via the CM/ECF e-filing system, which will send notice of filing to all participants receiving notices, and was sent by U.S. Mail, postage prepaid, upon the following:

Arthur L. Gonzales, Jr.
110872
LANSING Correctional Facility
PO Box 2
Lansing, KS 66043-0002

/s/ *Whitney L. Casement*
Whitney L. Casement