IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ARTHUR L. GONZALES, JR., ) | |
|     Plaintiff, ) | |
| v. ) | Case number 22-3019-SAC-GEB |
| ROBERT WRAY, et al. ) | |
|     Defendant. ) | |

### MEMORANDUM OPPOSING SUMMARY JUDGMENT

COMES NOW, Arthur Gonzales Jr., pro se, and asks this court to deny Mr. Skidmore's Motion for summary judgment for the following reasons.

### NATURE OF THE CASE AND MATTER BEFORE THE COURT

Mr. Gonzales incorporates the facts from his answer of question VI. D. in his complaint.

### CONCISE STATEMENT OF MATERIAL FACT AS TO WHICH NO GENUINE ISSUE EXISTS REGARDING EXHAUSTION

1. Mr. Gonzales agrees the statement in paragraph 1 of Defendant James Skidmore's motion for summary judgment is true.

2. To the best of his knowledge, Mr. Gonzales agrees the statement in paragraph 2 of Defendant James Skidmore's motion for summary judgment is true.

3. Mr. Gonzales agrees the statement in paragraph 3 of Defendant James Skidmore's motion for summary judgment is true.

4. Mr. Gonzales agrees the statement in paragraph 4 of Defendant James Skidmore's motion for summary judgment is true.

5. Mr. Gonzales agrees the statement in paragraph 5 of Defendant James Skidmore's motion for summary judgment is true.

6. Mr. Gonzales agrees the statement in paragraph 6 of Defendant James Skidmore's motion for summary judgment is true.

7. Mr. Gonzales agrees the statement in paragraph 7 of Defendant James Skidmore's motion for summary judgment is true.

8. To the best of his knowledge, Mr. Gonzales agrees the statement in paragraph 8 of Defendant James Skidmore's motion for summary judgment is true.

9. Mr. Gonzales agrees the statement in paragraph 9 of Defendant James Skidmore's motion for summary judgment is true.

10. Mr. Gonzales agrees the statement in paragraph 10 of Defendant James Skidmore's motion for summary judgment is true.

11. Mr. Gonzales agrees the statement in paragraph 11 of Defendant James Skidmore's motion for summary judgment is true.

12. To the best of his knowledge, Mr. Gonzales agrees the statement in paragraph 12 of Defendant James Skidmore's motion for summary judgment is true.

13. Mr. Gonzales agrees the statement in paragraph 13 of Defendant James Skidmore's motion for summary judgment is true.

14. Mr. Gonzales agrees the statement in paragraph 14 of Defendant James Skidmore's motion for summary judgment is true.

15. In Mr. Skidmore's motion for summary judgment, in paragraph 15 he claims Mr. Gonzales "did not appeal the Warden's response to the secretary of corrections." Mr. Gonzales did in fact fill out the proper appeal paperwork and gave the appeal to the employee Heather Peters, who was an officer who worked at the minimum facility at Lansing Correctional Facility. Ms. Peters. verified it was an appeal for his grievance, and placed it in the appropriate mail box for this type of action taken. Ms. Peters no longer works at a guard for the Lansing Correctional Facility, so Mr. Gonzales is unable to acquire an affidavit from her at this time. Mr. Gonzales will be released from the KDOC on Friday, October 7, 2022, and will contact Ms. Peters to have her sign the declaration that is attached.

16. In Mr. Skidmore's motion for summary judgment, in paragraph 16 he claims "grievance number IA-003048 is the only grievance Gonzales submitted related to the issues he had with his back, leg, and feet after he contracted Covid 19 in 2020." Mr. Gonzales denies this statement. Mr. Gonzales submitted a total of 3 grievances about this issue. One is the grievance to which Mr. Skidmore is referring. A separate grievance was filed to Unit Team manager Caysha Williams regarding these issues. A third was sent to the medical staff. Mr. Gonzales never received any responses to these grievances. Mr. Gonzales has Ms. Peters send emails regarding these grievances as well.

17. Mr. Gonzales agrees the statement in paragraph 17 of Defendant James Skidmore's motion for summary judgment is true. Mr. Gonzales waited for email responses from inquiries sent by Ms. Peters, as well as any answer from his appeal to the Secretary of Corrections. He could not file a personal injury claim without that response, which he never received.

ARGUMENTS AND AUTHORITIES

I. **Summary judgment standard.**

Summary judgment is appropriate if the pleadings and other materials before the Court show no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A factual dispute is "material" only if it "might affect the outcome of the suit under the governing law." Ellison v. Eng., No. 18-3070-SAC, 2019 WL 3716448, at *2 (D. Kan. Aug. 7, 2019), motion for relief from judgment denied, No. 18-3070-SAC, 2020 WL 1984255 (D. Kan. Apr. 27, 2020) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." Robertson v. Lee, No. 18-3014-SAC, 2019 WL 2924996, at *3 (D. Kan. July 8, 2019) (quoting Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 670 (10th Cir. 1998)).

"At summary judgment stage, a plaintiff (even if proceeding pro se) cannot simply rest on conclusory allegations but must instead provide the Court with specific facts with supporting evidence." Miles v. Conrad, No. 16-3152-EFM, 2019 WL 2208115, at *4 n.20 (D. Kan. May 22, 2019), aff'd, 805 F. App'x 607 (10th Cir. 2020).

A party moving for summary judgment has the burden of showing that the undisputed material facts entitle it to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986). If the moving party carries the initial burden, the opposing party must "go beyond the pleadings and designate specific facts" that would be admissible at trial "so as to make a showing sufficient to establish the existence of an element essential to that party's case in order to survive summary judgment." Self v. Crum, 439 F.3d 1227, 1230 (10th Cir. 2006).

The court then must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 91 L. Ed. 2d 202 )1986).

Robertson v. Lee, No. 18-3014-SAC, 2019 WL 2924996, at *3 (D. Kan. July 8, 2019). "In applying this standard, courts must view the evidence and all reasonable inferences therefrom in the light most favorable to the nonmovant." Thompson v. Orunsolu, No. 517-3203-HLT-KGG, 2018 WL 6697725, at *4 (D. Kan. Dec. 20, 2018), aff'd, 798 F. App'x 288 (10th Cir. 2020). "On summary judgment, a Martinez report is treated like an affidavit, and the court is not authorized to accept its fact finding if the prisoner has presented conflicting evidence." Breedlove v. Costner, 405 F. App'x 338, 343 (10th Cir. 2010) (quoting Northington v. Jackson, 973 F.2d 1518, 1521 (10th Cir. 1992)).

## II. Plaintiff's Eight Amendment claim against Defendant Skidmore should not be dismissed for failure to exhaust administrative remedies.

The PLRA requires an inmate to exhaust all available administrative remedies before bringing a § 1983 action about prison conditions or occurrences. 42 U.S.C. § 1997e(a); Porter v. Nussle, 543 U.S. 516, 520 (2002). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 211 (2007). "The only limit to § 1997e(a)' mandate is the one baked into its text: An inmate need exhaust only such administrative remedies as are 'available.'" Ross v. Blake, 578 U.S. 632, 648 (2016).

"[T]he PLRA exhaustion requirement requires proper exhaustion." Woodford v. Ngo, 548 U.S. 81, 93 (2006). "An inmate properly exhausts a claim by utilizing each step the prison

holds out for resolving the claim internally and by abiding 'with an agency's deadlines and other critical procedural rules.'" Gray v. Sorrels, No. 19-7060, 2020 WL 3120997, at *1 (10th Cir. June 12, 2020) (quoting Woodford, 548 U.S. at 93.) "In other words, a prisoner must comply with procedural 'rules that are defined not by the PLRA, but by the prison grievance process itself.'" Williams v. Hill, 422 F. App'x 682, 684 (10th Cir. 2011) (quoting Jones U.S. at 218).

      The KDOC Grievance Procedure for Inmates set forth in article 15 of chapter 44 of the Kansas Administrative Regulations applies "to a broad range of matters that directly affect the inmate, including . . . actions by employees . . . and incidents occurring within the facility." K.A.R. 44-15-101a(d). "This regulation applies to a constitutional claim such as the § 1983 claims asserted here, where the conduct complained of stems from 'actions by employees' of the prison facility." Vann v. Ash, No. 15-3192-SAC-DJW, 2016 WL 6680997, at *2 (D. Kan. Nov. 14, 2016) (citing K.A.R. 44-15-101a(d)(1)(B); Lewis v. Carrell, No. 12-CV-3112-DDC-JPO, 2014 WL 4450147, at *5 (D. Kan. Sept. 10 2014), reconsideration denied, No. 12-CV-3112 DDC-JPO, 2015 WL 413640 (D. Kan. Jan 30, 2015).

      An inmate must take four steps to complete the grievance process: (1) attempt an informal resolution with unit team members; (2) submit a grievance to an appropriate unit team member; (3) submit a grievance to the warden of the facility; and (4) appeal to the secretary of corrections. See K.A.R. 44-15-101(b) and (d), -102(a), (b), and (c).

      As Defendant Skidmore himself asserts, "Gonzales did file a grievance related to the issues he had with his back, leg, and feet after contracting Covid 19 in 2020." See Defendant's motion for summary judgment, page 6. Defendant Skidmore then goes on to claim that Gonzales "failed to complete the process of exhausting administrative remedies, because he did not appeal the Warden's response to his grievance to the Secretary of Corrections." Id. at 6-7.

      Mr. Gonzales did in fact appeal his grievance to the Secretary of Corrections. He handed it to Officer Heather Peters, who then placed it into the appropriate outgoing mailbox. (See Mr. Gonzales' attached declaration). At this point, Mr. Gonzales completed the fourth step, appealing to the Secretary of Corrections. Officer Peters also wrote several emails inquiring as to the status of the appeal for Mr. Gonzales at Mr. Gonzales' request.

      Mr. Gonzales followed the entire grievance procedure, and it was only after numerous attempts to learn of his appeal to the Secretary of Corrections, by himself and Officer Peters, went ignored, he decided to file his §1983. Mr. Gonzales could not have done any more to follow the grievance procedure within the system here at the Lansing Correctional Facility.

## CONCLUSION

      Because Mr. Gonzales could not have done any more to follow the grievance procedure within the system at the Lansing Correctional Facility, and because Mr. Gonzales cannot control what happens to his outgoing mail either once it is given to the officer nor after it enters the prison mailing system, Mr. Gonzales asks that this Court deny Defendant Skidmore's motion for summary judgment.

Respectfully submitted,

*/s/ Arthur Gonzales Jr.*
Arthur Gonzales Jr.
Lansing Correctional Facility

P.O. Box 2  
Lansing, KS 66043

Case 5:22-cv-03019-JWL-GEB   Document 37   Filed 10/06/22   Page 5 of 5