UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ARTHUR L. GONZALES, JR.,<br><br>                Plaintiff,<br>v.<br><br>ROBERT WRAY, et al,<br><br>                Defendants, | Case number: 22-3019-SAC-GEB |

**DEFENDANT JAMES SKIDMORE'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Defendant James Skidmore ("Skidmore"), by and through counsel Whitney L. Casement of Stevens & Brand, L.L.P., hereby submits this Memorandum in Support of Motion for Summary Judgment, pursuant to Fed. R. Civ. P. 56 and D. Kan. Rule 7.1.

Because Plaintiff Gonzales has been released from Kansas Department of Corrections ("KDOC") custody, his claim for injunctive relief is moot, and this Court should grant summary judgment to Defendant Skidmore.

**NATURE OF THE CASE AND MATTER BEFORE THE COURT**

At all times relevant to this action, Plaintiff Arthur Gonzales ("Gonzales") was an inmate in the custody of KDOC. He alleges he contracted Covid-19 while residing at Larned Mental Health Correctional Facility and that, after he was transferred to Lansing Correctional Facility ("LCF"), he was denied medical treatment for issues with his back, right leg, and feet that he believes were caused by Covid-19. He alleges no specific involvement by Defendant Skidmore, but says he named Skidmore in his capacity as Warden at LCF to obtain injunctive relief. (Doc. 9, Am. Compl. at 5). He alleges Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment. (Id. at 3).

1

## CONCISE STATEMENT OF UNDISPUTED MATERIAL FACTS

For purposes of the claims against Skidmore and this motion only, the following facts may be considered uncontroverted:

1. Gonzales was previously an inmate incarcerated at LCF or Larned Mental Health Correctional Facility. (Doc. 9, Am. Compl. at 5.)

2. At all relevant times, Skidmore was the acting Warden or Deputy Warden at LCF. (Id.)

3. Gonzales claims Defendant Skidmore violated his Eighth Amendment right to be free from cruel and unusual punishment, based on Gonzales' allegations that he received inadequate medical treatment while incarcerated. (Id. at 3.)

4. He requests an injunction ordering the necessary corrective surgery recommended. (Id. at 9.)

5. Gonzales alleges no specific involvement by Defendant Skidmore in any constitutional or statutory violations, but says he named Skidmore in his capacity as Warden at LCF to obtain injunctive relief. (Id. at 5.)

6. On October 7, 2022, Gonzales was released from KDOC custody. (Ex. A, Horosko Aff. ¶ 3).

## ARGUMENTS AND AUTHORITIES

### I.   Summary Judgment Standard

Summary judgment is appropriate if the pleadings and other materials before the Court show no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A factual dispute is "material" only if it "might affect the outcome of the suit under the governing law." *Ellison v. English*, No. 18-3070-SAC, 2019 WL 3716448, at *2 (D.

Kan. Aug. 7, 2019). "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Robertson v. Lee*, No. 18-3014-SAC, 2019 WL 2924996, at *3 (D. Kan. July 8, 2019) (quoting *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998)).

"At [the] summary judgment stage, a plaintiff (even proceeding pro se) cannot simply rest on conclusory allegations but must instead provide the Court with specific facts with supporting evidence." *Miles v. Conrad*, No. 16-3152-EFM, 2019 WL 2208115, at *4, n.20 (D. Kan. May 22, 2019), aff'd, 805 F. App'x 607 (10th Cir. 2020).

> A party moving for summary judgment has the burden of showing that the undisputed material facts entitle it to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the moving party carries the initial burden, the opposing party must "go beyond the pleadings and designate specific facts" that would be admissible at trial "so as to make a showing sufficient to establish the existence of an element essential to that party's case in order to survive summary judgment." *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006).
>
> The court then must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby*, 477 U.S. 242, 251-52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

*Robertson v. Lee*, 2019 WL 2924996, at *3. "In applying this standard, courts must view the evidence and all reasonable inferences therefrom in the light most favorable to the nonmovant." *Thompson v. Orunsolu*, No. 517-3203-HLT-KGG, 2018 WL 6697725, at *4 (D. Kan. Dec. 20, 2018), aff'd, 798 F. App'x 288 (10th Cir. 2020).

**I.      Gonzales' request for injunctive relief against Defendant Skidmore is moot.**

Gonzales requests that the Court issue an injunction requiring Defendant Skidmore to provide the necessary corrective surgery recommended. (SOF ¶5). This request for injunctive relief is moot, because he has been released from Kansas Department of Corrections custody. Pursuant to Article III of the Constitution, this Court can only hear "live, concrete" cases or controversies. *Bell*

*v. English*, No. 18-3209-SAC, 2019 WL 174982, at *3 (D. Kan. Jan. 11, 2019). Where the controversy is no longer live and ongoing, it is moot and subject to dismissal. *Id.*

> Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief." The Tenth Circuit has applied this principle to § 1983 actions brought by inmates, and held that an inmate's transfer from one prison to another generally renders moot any request for injunctive relief against the employees of the original prison concerning the conditions of confinement.

*Id.* (internal citations omitted). In addition, the Tenth Circuit has applied this principle to § 1983 actions brought by inmates who were released from custody. *Green v. Branson*, 108 F.3d 1296, 1299 (10th Cir. 1997) (holding inmate's claims for declaratory and injunctive relief moot where he was no longer a prisoner within the control of the department of corrections). "The touchstone of the mootness inquiry is whether the controversy continues to 'touch[] the legal relations of parties having adverse legal interests' in the outcome of the case." *Id.*

Defendant, who is sued in his official capacity as Warden of Lansing Correctional Facility, cannot provide the relief that Gonzales requests now that Gonzales does not reside in a KDOC facility. *Bell*, 2019 WL 174982, at *6. "The mootness doctrine is based on the reality that even if Plaintiff receives injunctive relief, the Defendants from the former prison would be unable to provide the relief to Plaintiff." *Harlin v. USP Leavenworth*, No. 22-3129-SAC, 2022 WL 3541747, at *4 (D. Kan. Aug. 18, 2022).

For these reasons, this Court should deny Gonzales' request for injunctive relief against Defendant Skidmore as moot, and enter judgment in Defendant Skidmore's favor and against plaintiff. Defendant Skidmore has a pending motion for summary judgment (Doc. 33) that would also be mooted should the Court grant this motion.

## CONCLUSION

Because Gonzales is no longer is KDOC custody, Defendant Skidmore cannot provide the injunctive relief he requests. Therefore, this Court should grant summary judgment in favor of Defendant and against Plaintiff.

Respectfully submitted,

STEVENS & BRAND, L.L.P.

By: */s/ Whitney L. Casement*
Whitney L. Casement, #25466
4848 SW 21st St Ste. 201
Topeka, KS 66604
(785) 437-2288 – Phone
(785) 408-8003 – Fax
WCasement@StevensBrand.com
*Counsel for Defendant Skidmore*

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 21st day of October, 2022, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court via the CM/ECF e-filing system, which will send notice of filing to all participants receiving notices, and was sent by U.S. Mail, postage prepaid, upon the following:

Arthur L. Gonzales, Jr.
2204 N. 5th Street
Kansas City, KS 66101

*/s/ Whitney L. Casement*
Whitney L. Casement