IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ARTHUR L. GONZALES, JR.,

    *Plaintiff,*

vs.

    Case No. 22-3019-EFM-GEB

ROBERT WRAY, et al.,

    *Defendants.*

**MEMORANDUM AND ORDER**

Pro se Plaintiff Arthur Gonzales, Jr., sued Defendants Robert Wray, Millie Murray, and James Skidmore alleging they violated his Eighth Amendment right to be free from cruel and unusual punishment while he was incarcerated at Lansing Correctional Facility ("LCF"). Gonzales seeks compensatory damages against Defendants Wray and Murray and injunctive relief against Defendant Skidmore. This matter comes before the Court on Defendant Skidmore's Second Motion for Summary Judgment (Doc. 41).[1] Skidmore argues that he is entitled to summary judgment because Gonzales' claim against him is now moot. For the following reasons, the Court grants Skidmore's motion.

---

[1] Defendant Skidmore previously filed a Motion for Summary Judgment (Doc. 33) arguing that Gonzales's claim was barred because he failed to exhaust his administrative remedies. Because the Court is granting Skidmore's Second Motion for Summary Judgment, the Court denies as moot the first Motion for Summary Judgment.

I.     **Factual and Procedural Background**[2]

Gonzales is a former inmate in the custody of the Kansas Department of Corrections ("KDOC"). Gonzales alleges that he contracted COVID-19 while housed at Larned Correctional Mental Health Facility. He was then transferred to LCF with other inmates who also had contracted the virus. Gonzales alleges that while he was at LCF he was denied medical treatment for issues with his back, right leg, and feet, which he believes were caused by COVID-19.

Gonzales filed this lawsuit on January 28, 2022, while in custody at LCF. His Amended Complaint asserts a claim under 42 U.S.C. § 1983 for violation of his Eighth Amendment right to be free from cruel and unusual punishment. Defendant Skidmore, one of three named defendants, was the Warden or Deputy Warden of LCF while Gonzales was incarcerated there. Gonzales does not allege any specific involvement by Skidmore as to his failure to receive medical care but states that he named Skidmore in his capacity as Warden of LCF to obtain injunctive relief. Specifically, Gonzales seeks an injunction ordering the necessary corrective surgery for his back.

Gonzales was released from KDOC custody on October 7, 2022. Shortly after his release, Skidmore filed the current motion for summary judgment asserting that Gonzales's request for injunctive relief is moot because he has been released from custody. On the same day that Skidmore filed his motion, he sent Gonzales a Notice to Pro Se Litigant Who Opposes a Motion for Summary Judgment explaining Plaintiff's burden under Federal Rule of Civil Procedure 56 and Local Rule 56.1. Despite receiving this notice, Gonzales filed no response to Defendant's motion. Under Red. R. Civ. P. 56(e), if a party fails to properly address the moving party's factual

---

[2] In accordance with summary judgment procedures, the Court has set forth the uncontroverted facts, and they are related in the light most favorable to the non-moving party. Gonzales did not respond to Skidmore's motion, and therefore the facts within Skidmore's "Concise Statement of Undisputed Material Facts" are deemed undisputed. Fed. R. Civ. P. 56(e)(2).

assertions, the court may "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Therefore, the Court will review Defendant's motion to determine if he is entitled to summary judgment.

## II. Legal Standard

Summary judgment is appropriate if the moving party demonstrates that there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law.[3] A fact is "material" when it is essential to the claim, and issues of fact are "genuine" if the proffered evidence permits a reasonable jury to decide the issue in either party's favor.[4] The movant bears the initial burden of proof and must show the lack of evidence on an essential element of the claim.[5] If the movant carries its initial burden, the nonmovant may not simply rest on its pleading but must instead "set forth specific facts" that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant.[6] These facts must be clearly identified through affidavits, deposition transcripts, or incorporated exhibits—conclusory allegations alone cannot survive a motion for summary judgment.[7] The Court views all evidence and reasonable inferences in the light most favorable to the party opposing summary judgment.[8]

---

[3] Fed. R. Civ. P. 56(a).

[4] *Haynes v. Level 3 Commc'ns, LLC*, 456 F.3d 1215, 1219 (10th Cir. 2006).

[5] *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 325 (1986)).

[6] *Id.* (citing Fed. R. Civ. P. 56(e)).

[7] *Mitchell v. City of Moore*, 218 F.3d 1190, 1197 (10th Cir. 2000) (citing *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998)).

[8] *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 927 (10th Cir. 2004).

Pro se pleadings are held to "less stringent standards than formal pleadings drafted by lawyers."[9]  A pro se litigant is entitled to a liberal construction of his pleadings.[10]  If a court can reasonably read a pro se complaint in such a way that it could proffer a proper legal claim or defense, it should do so despite "failure to cite proper legal authority . . . confusion of various legal theories . . . or [Plaintiff's] unfamiliarity with the pleading requirements."[11]  However, it is not the proper role of a district court to "assume the role of advocate for the pro se litigant."[12]

### III. Analysis

Gonzales asks the Court to issue an injunction requiring Skidmore to provide the necessary corrective surgery recommended by the doctors for his back.  Skidmore argues that this request is moot because Gonzales has been released from KDOC custody and Skidmore can no longer provide the requested relief.  Under Article III of the Constitution, federal courts only have jurisdiction for "live, concrete" cases or controversies.[13]  Courts must therefore "decline to exercise jurisdiction where the award of any requested relief is moot."[14]

---

[9] *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[10] *See Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) ("Because [the plaintiff] appears pro se, we review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys.").

[11] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[12] *Id.*

[13] *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1109 (10th Cir. 2010) (citations omitted).

[14] *Cox v. Phelps Dodge Corp.*, 43 F.3d 1345, 1348 (10th Cir. 1994), *superseded by statute on other grounds* (citation omitted).

"Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief."[15]  The Tenth Circuit has held that this principle applies to an inmate's § 1983 claim for declaratory and injunctive relief.[16]  In *Green v. Branson*,[17] the Tenth Circuit concluded that an inmate's claims for declaratory and injunctive relief were moot because the inmate had been released from prison and was no longer in the custody of the department of corrections.[18]

*Green*'s holding applies here.  Skidmore, who is being sued in his capacity as Warden of LCF, can no longer provide Gonzales the relief he requests because Gonzales has been released from KDOC custody.  "The mootness doctrine is based on the reality that even if [p]laintiff receives injunctive relief, the [d]efendant[] from the former prison would be unable to provide the relief to [p]laintiff."[19]  Therefore, Gonzales's claim against Skidmore for injunctive relief is moot, and the Court grants summary judgment in Skidmore's favor.

**IT IS THEREFORE ORDERED** that Defendant James Skidmore's Second Motion for Summary Judgment (Doc. 41) is **GRANTED**.  Defendant Skidmore is terminated from this case.  Defendants Wray and Murray remain in the case.

**IT IS FURTHER ORDERED** that Defendant James Skidmore's Motion for Summary Judgment (Doc. 33) is **DENIED AS MOOT**.

---

[15] *Harlin v. USP Leavenworth*, 2022 WL 3541747, at *3 (D. Kan. 2022) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 495 (1974)).

[16] *Id*.

[17] 108 F.3d 1296 (10th Cir. 1997).

[18] *Id*. at 1300.

[19] *Harlin*, 2022 WL 3541747, at *4.

**IT IS SO ORDERED**.

Dated this 18thth day of January, 2023.

                                          ERIC F. MELGREN
                                          CHIEF UNITED STATES DISTRICT JUDGE