## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

ARTHUR L. GONZALES, JR.,

       Plaintiff,

v.

     Case No. 22-3019-EFM-GEB

ROBERT WRAY,
MILLIE MURRAY,

       Defendants.

---

## SCHEDULING ORDER

On **June 1, 2023**, the undersigned U.S. Magistrate Judge, Gwynne E. Birzer, conducted a status conference. Plaintiff Arthur L. Gonzales, Jr. appeared prose, by phone. Defendants Robert Wray and Millie Murray appeared through counsel, Emily Tung by phone.

This is a civil rights action filed by an individual who was incarcerated and who is without counsel. Therefore, this case is exempted from the requirements of Rule 26(f), Federal Rules of Civil Procedure, which requires the parties to file a Rule 26(f) statement prior to the issuance of a scheduling order. *See* Fed. R. Civ. P. 26(a)(1)(B)(iv) and 26(f). Additionally, initial disclosures are not required in actions brought without counsel by a person in the custody of a state or a state subdivision. *See* Fed. R. Civ. P. 26(a)(1)(B)(iv). Therefore, the Court will not require the parties to submit an initial disclosure statement.

After consultation with the parties, the court enters this scheduling order, summarized in the following table:

1.      **Alternative Dispute Resolution (ADR).**

After discussing ADR during the scheduling conference, the court determined that settlement would not be enhanced by early mediation. The parties will discuss mediation again at the Pretrial Conference.

2.      **Discovery.**

a.      All written discovery must be commenced or served in time to be completed by **July 31, 2023**.

b.      All discovery must be commenced or served in time to be completed by **January 8, 2024**.

c.      By **July 14, 2023**, any party asserting comparative fault must identify all persons or entities whose fault is to be compared and specify the nature of the fault claimed.

d.      Expert disclosures required by Fed. R. Civ. P. 26(a)(2), including reports from retained experts, must be served by plaintiff by **October 6, 2023**, and by defendant by **December 1, 2023**; disclosures and reports by any rebuttal expert(s) must be served by **December 15, 2023.** The parties must serve any objections to such disclosures (other than objections pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law), within 14 days after service of the disclosures. These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (e.g., whether all the information required by Rule 26(a)(2)(B) has been provided) and need not extend to the admissibility of the expert's proposed testimony. If such technical objections are served, counsel must confer or make a reasonable effort to confer consistent

2

with D. Kan. Rule 37.2 before raising those objections in a pre-motion conference with the court pursuant to D. Kan. Rule 37.1(a).

**e.**      The parties must complete all physical or mental examinations under Fed. R. Civ. P. 35 by **November 17, 2023**. If the parties disagree about the need for or scope of such an examination, a formal motion must be filed sufficiently in advance of this deadline to allow the motion to be fully briefed and decided by the court, and the examination conducted, all before the deadline expires.

**f.**      The court considered the following discovery problem(s) raised by one or more of the parties: None.

**g.**      Consistent with the parties' agreement, claims of privilege or of protection as trial-preparation material asserted after production will be handled as follows:

As provided in the parties' Protective Order at ECF No. 54.

**h.**      Discovery may be governed by a protective order.  A Protective Order is entered at ECF No. 54.

**i.**      The expense and delay often associated with civil litigation can be dramatically reduced if the parties and counsel conduct discovery in the "just, speedy, and inexpensive" manner mandated by Fed. R. Civ. P. 1.  Accordingly, the parties and counsel are reminded of their important obligations under Fed. R. Civ. P. 26(g) in certifying discovery disclosures, requests, responses, and objections and that the court "must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both" if the certification violates Rule 26(g) (e.g., overbroad discovery requests, boilerplate objections, etc.) without substantial justification.

3.      **Motions**

      **a.**      Any motion for leave to join additional parties or to otherwise amend the pleadings must be filed by **July 28, 2023**.

      **b.**      All potentially dispositive motions (e.g., motions for summary judgment), must be filed by **February 23, 2024**. The court plans to decide dispositive motions, to the extent they are timely filed and briefed without any extensions, approximately 60 days before trial.

      **c.**      Compliance with Fed. R. Civ. P. 56 and D. Kan. Rule 56.1 is mandatory, i.e., summary-judgment briefs that fail to comply with these rules may be rejected, resulting in summary denial of a motion or consideration of a properly supported motion as uncontested. Further, the court strongly encourages the parties to explore submission of motions on stipulated facts and agreement resolving legal issues that are not subject to a good faith dispute.  The parties should follow the summary-judgment guidelines available on the court's website:

*http://ksd.uscourts.gov/wp-content/uploads/2015/10/Summary-Judgment-Guidelines.pdf*

      **d.**      All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, must be filed by **60 days before trial**.

      **e.**      Before filing any disputed discovery-related motion, and after satisfying the duty to confer or to make a reasonable effort to confer under Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2, the party intending to file a discovery-related motion must email the

court to arrange a telephone conference with the judge and opposing counsel. The email request, preferably in a joint submission, must include a brief, nonargumentative statement of the nature of the dispute; the estimated amount of time needed for the conference, and suggested dates and times; and any preference for conducting the conference in person or by phone. The court will typically grant the request and contact the parties to arrange the conference within a few days. The court will inform the parties whether any additional information should be submitted or filed in advance of this conference.  Unless otherwise requested by the court, no disputed discovery-related motion, material, or argument should be filed or submitted prior this telephone conference. *See* D. Kan. Rule 37.1(a).

**For purposes of complying with the "meet and confer" requirements, the Court construes the term "confer" to require more than mere email communication. The parties, in person and/or through counsel, shall have verbal communications with each other; that is, they must first actually *talk* with each other about their discovery disputes, and then contact the Court for a discovery conference, before filing a motion to compel or similarly related discovery motion.**

**f.**      To avoid unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures. However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for briefing or hearing a motion, or for trial. *See* Fed. R. Civ. P. 29; D. Kan. Rule 6.1(c).

**g.**      Page limitations for principal briefs, responses and replies must comply with D. Kan. Rule 7.1.

4.      **Pretrial Conference, Trial, and Other Matters.**

      **a.**      Pursuant to Fed. R. Civ. P. 16(a), a status conference is scheduled for **October 31, 2023 at 1:30 p.m., by Zoom.**

      **b.**      Pursuant to Fed. R. Civ. P. 16(a), a pretrial conference is scheduled for **January 26, 2024 at 10:00 a.m. via Zoom**. Attorneys wishing to appear by phone may request permission to do so by sending an e-mail to chambers 7 days before the conference; however, the judge may require all parties to appear in person if the pretrial order is not in the appropriate format or other problems require counsel to appear in person.  No later than **January 19, 2024**, defense counsel must submit the parties' proposed pretrial order in Word format as an attachment to an e-mail sent to *ksd_birzer_chambers@ksd.uscourts.gov*. The proposed pretrial order must not be filed with the clerk's office.  It must be in the form available on the court's website:

*http://ksd.uscourts.gov/index.php/forms/?open=CivilForms*

      **c.**      The parties expect the jury trial of this case to take approximately 4 trial days and will take place in Kansas City, Kansas. The court will subsequently set this case for trial.

      **d.**      If at any time the parties wish to consent to trial by a U.S. Magistrate Judge, they must email the Clerk's Office their signed form, "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge" available on the court's website at:

*http://ksd.uscourts.gov/index.php/forms/?open=CivilForms*

      **e.**      This scheduling order will not be modified except by leave of court upon a showing of good cause.

IT IS SO ORDERED.

Dated June 1, 2023, at Wichita, Kansas.

<u>s/ Gwynne E. Birzer</u>
GWYNNE E. BIRZER
U.S. Magistrate Judge

| SUMMARY OF DEADLINES AND SETTINGS | |
|---|---|
| Event | Deadline/Setting |
| Comparative fault identification | **July 14, 2023** |
| Motion to amend | **July 28, 2023** |
| Mediation completed | **Discuss at Pretrial Conference** |
| ADR report filed by Defendant | **14 days after mediation** |
| Experts disclosed by Plaintiff | **October 6, 2023** |
| Status conference | **October 31, 2023 at 1:30 p.m. via Zoom** |
| Experts disclosed by Defendant | **December 1, 2023** |
| Rebuttal experts disclosed | **December 15, 2023** |
| Physical and mental examinations | **November 17, 2023** |
| Written discovery completed | **July 31, 2023** |
| All discovery completed | **January 8, 2024** |
| Proposed pretrial order due | **January 19, 2024** |
| Pretrial conference | **January 26, 2024 at 10:00 a.m. via Zoom** |
| Potentially dispositive motions (e.g., summary judgment) | **February 23, 2024** |
| Motions challenging admissibility of expert testimony | **60 days before trial** |
| Trial at Kansas City; ETT: 4 days | **To be set at Pretrial Conference** |