IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ARTHUR L. GONZALES, JR.,

    *Plaintiff*,

v.

ROBERT WRAY, et. al.,

    *Defendant*.

Case No. 22-3019-EFM-GEB

**MEMORANDUM AND ORDER**

Before the Court is Defendants' Motion for Summary Judgment (Doc. 63). Pro se Plaintiff Arthur Gonzales, Jr., asserts an Eighth Amendment claim under 42 U.S.C. § 1983 against Defendants Robert Wray and Millie Murray. Plaintiff claims Defendants violated his right to be free from cruel and unusual punishment while he was incarcerated at Larned Mental Health Correctional Facility ("Larned") and Lansing Correctional Facility ("Lansing"). Plaintiff seeks compensatory damages against Defendants Wray and Murray. In their Motion, Defendants argue they are entitled to summary judgment because Plaintiff has failed to provide the requisite evidence which would allow a reasonable jury to find Defendants violated Plaintiff's constitutional rights. Based on Plaintiff's wholesale failure to respond or present evidence to support his claim, the Court agrees. Accordingly, the Court grants Defendants' Motion.

I.  **Factual and Procedural Background**[1]

On January 28, 2022, Plaintiff filed this lawsuit while in custody at Lansing. On March 24, 2022, he filed an Amended Complaint asserting a claim under 42 U.S.C. § 1983 against Defendants for violation of his Eighth Amendment right to be free from cruel and unusual punishment. While in the custody of Kansas Department of Corrections ("KDOC") Plaintiff allegedly contracted COVID-19. Plaintiff alleged that while he was at Lansing, Defendants denied him medical treatment for issues with his back, right leg, and feet, which he believes were caused by COVID-19.

Originally, Defendant James Skidmore was also a named defendant in this complaint, with Plaintiff naming him only in his claim for injunctive relief. On October 7, 2022, Plaintiff was released from Lansing rendering his claim against Defendant Skidmore moot because the injunctive relief sought could no longer be granted. Defendant Skidmore was terminated from the case when his Second Motion for Summary Judgment was granted.

On June 1, 2023, the Court set the deadline for Plaintiff's expert disclosures to be served by October 6, 2023, as required by Fed. R. Civ. P. 26(a)(2). On October 31, 2023, the Court extended Plaintiff's expert disclosure deadline to November 13, 2023. On November 14, 2023, Plaintiff sent a letter to Defendants' counsel from his treating physician Timothy E. Stepp, M.D. This letter is limited to Dr. Stepp's treatment of Plaintiff and does not purport to offer any opinion as to the alleged negligence of Defendants. The letter does not list Dr. Stepp as an expert nor has Plaintiff identified anyone else to serve as an expert in this case.

---

[1] In accordance with summary judgment procedures, the Court has set forth the uncontroverted facts supported by the record, and they are related in the light most favorable to the non-moving party. Plaintiff did not respond to Defendants' Motion, and therefore the facts within Defendants' "Statement of Uncontroverted Facts" are deemed undisputed.

On December 18, 2023, Defendants filed the present Motion along with the letter from Dr. Stepp. On December 19, 2023, Plaintiff was sent a Notice to Pro Se Litigant Who Opposes a Motion for Summary Judgment ("Notice") explaining Plaintiff's burden under Fed. R. Civ. P. 56 and Local Rule 56.1. Plaintiff has not filed any response to Defendants' Motion nor submitted any evidence in support of his claims.

## II.     Legal Standard

Summary judgment is appropriate if the moving party demonstrates that there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law.[2] A fact is "material" when it is essential to the claim, and issues of fact are "genuine" if the proffered evidence permits a reasonable jury to decide the issue in either party's favor.[3] The movant bears the initial burden of proof and must show the lack of evidence on an essential element of the claim.[4] If the movant carries its initial burden, the nonmovant may not simply rest on its pleading but must instead "set forth specific facts" that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant.[5] These facts must be clearly identified through affidavits, deposition transcripts, or incorporated exhibits—conclusory allegations alone cannot survive a motion for summary judgment.[6] The Court views all evidence and reasonable inferences in the light most favorable to the party opposing summary judgment.[7]

---

[2] Fed. R. Civ. P. 56(a).

[3] *Haynes v. Level 3 Commc'ns, LLC*, 456 F.3d 1215, 1219 (10th Cir. 2006).

[4] *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 325 (1986)).

[5] *Id*. (citing Fed. R. Civ. P. 56(e)).

[6] *Mitchell v. City of Moore*, 218 F.3d 1190, 1197 (10th Cir. 2000) (citing *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998)).

[7] *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 927 (10th Cir. 2004).

It is not the role of the Court to "assume the role of advocate for the pro se litigant."[8] Likewise, Plaintiff's pro se status does not relieve him from the obligation to comply with procedural rules, including the Federal Rules of Civil Procedure.[9]

### III.     Analysis

Plaintiff claims Defendants were deliberately indifferent to his medical needs in violation of his Eighth Amendment right to be free from cruel and unusual punishment while he was incarcerated and under their treatment. The Eighth Amendment prohibits "cruel and unusual punishments."[10] Mere negligence in medical care does not violate the Eighth Amendment.[11] However, deliberate indifference to a prisoner's serious medical needs constitutes cruel and unusual punishment under the Eighth Amendment.[12]

To state a claim for deliberate indifference to a serious medical need, the plaintiff's allegations must satisfy "both an objective and subjective component" with respect to each defendant.[13]

For the objective analysis, the deprivation must be "sufficiently serious."[14] "A medical condition is 'sufficiently serious' if 'the condition has been diagnosed by a physician as

---

[8] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[9] *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

[10] U.S. Const. amend. VIII.

[11] *Eaves v. Kory*, 2024 U.S. App. LEXIS 12964, at *4 (10th Cir. 2024) (quoting *Estelle v Gamble*, 429 U.S. 97, 104–105 (1976)).

[12] *Erickson v. Pardus*, 551 U.S. 89, 90 (2007) (quoting *Estelle*, 429 U.S. 97, at 104–105).

[13] *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (quoting *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000)).

[14] *Prince v. Sheriff of Carter Cnty.*, 28 F.4th 1033, 1044 (10th Cir. 2022) (quoting *Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009)).

mandating treatment or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'"[15]

To satisfy the subjective component, the plaintiff must show that the "prison official knows of and disregards an excessive risk to inmate health or safety."[16] "[T]he official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."[17]

Here, Plaintiff cannot meet the objective and subjective components of deliberate indifference because he has provided no admissible evidence. Indeed, the only "evidence" before the Court is the letter from Dr. Stepp. This lack of evidence means that no reasonable trier of fact could find in Plaintiff's favor in the event of a trial. By failing to respond to Defendants' Motion or submit evidence to support his claims, Plaintiff in essence rests solely on his pleadings, which are not sufficient to survive summary judgment. Although Plaintiff is proceeding pro se, he must still comply with procedural rules. Plaintiff has been given notice of his burden at this stage and ample opportunity to respond to the Motion. Without providing evidence to support his claim, Plaintiff forces the Court to find that there is no genuine dispute of material fact and Defendants are entitled to judgment as a matter of law. Accordingly, the Court grants Defendants' Motion.

---

[15] *Id*. at 1045 (quoting *Al-Turki v. Robinson*, 762 F.3d 1188, 1192–93 (10th Cir. 2014)).

[16] *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005) (quoting *Sealock*, 218 F.3d at 1209).

[17] *Id*. (quoting *Riddle v. Mondragon*, 83 F.3d 1197, 1204 (10th Cir. 1996)).

-6-

**IT IS THEREFORE ORDERED** that Defendants' Motion for Summary Judgment (Doc. 63) is **GRANTED**.

**IT IS SO ORDERED.**

This case is closed.

Dated this 10th day of June, 2024.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE